UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS MENDOZA, <br> Petitioner, <br> v. <br> SCOTT FRAUENHEIM, <br> Respondent. | Case No. 20-cv-04631-SK <br><br> **ORDER TO SHOW CAUSE** <br><br> Regarding Docket No. 1 |

Petitioner Marcos Mendoza, a state prisoner at Pleasant Valley State Prison, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. The petition is properly before the undersigned for initial review because Petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

A jury convicted petitioner of second-degree murder and found true a gang enhancement. On May 10, 2013, Petitioner was sentenced to 15 years to life in state prison. The state trial court stayed the ten-year sentence for the gang enhancement. Petitioner appealed his conviction.

The California Court of Appeal affirmed Petitioner's conviction and sentence. The Supreme Court of California denied review. The instant federal petition followed. Petitioner also filed a petition for re-sentencing in state-court. That petition remains pending.

## DISCUSSION

**A.    Standard of Review.**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.     Claims.**

Petitioner seeks federal habeas corpus relief under § 2254 based on the following claims: (1) ineffective assistance of counsel; (2) cumulative error; (3) insufficient evidence to corroborate Petitioner's identification as an assailant; (4) improper exclusion of exculpatory evidence; (5) prosecutorial misconduct; (6) improper introduction of certain evidence, including gang evidence; and (7) improper jury instructions. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail (1) a copy of this order, (2) the petition and all attachments thereto, and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), upon the California Attorney General's Office, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102.

2. Respondent shall file with the court and serve on Petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously

1 and that are relevant to a determination of the issues presented by the petition.

2 3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

**IT IS SO ORDERED**.

Dated: August 17, 2020



SALLIE KIM
United States Magistrate Judge