UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS MENDOZA,<br>　　　　Petitioner,<br>　　v.<br>SCOTT FRAUENHEIM,<br>　　　　Respondent. | Case No. 20-cv-04631-EMC<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**<br><br>Docket No. 10 |

Petitioner Marcos Mendoza has filed a habeas petition pursuant to 28 U.S.C. § 2254. In his petition, he asserts a number of constitutional claims (*e.g.*, ineffective assistance of counsel, prosecutorial misconduct, erroneous evidentiary rulings). Currently pending before the Court is the state government's motion to dismiss. The government moves to dismiss Claim 16 on the basis that it is not cognizable as it is predicated on state law, not federal law. Alternatively, the government argues that Claim 16 is subject to dismissal under the *Younger* abstention doctrine or that Claim 16 has not been properly exhausted in state court.

Having considered the papers submitted, the Court finds that oral argument on the motion is unnecessary. The Court denies the motion to dismiss but stays the case so that Mr. Mendoza may exhaust Claim 16 in state court proceedings first.

## I.　　FACTUAL & PROCEDURAL BACKGROUND

In his petition, Mr. Mendoza alleges as follows.

In March 2013, Mr. Mendoza was found guilty, in a jury trial, of second-degree murder. *See* Pet. ¶ II.A.13. The victim was Maurillo Garcia; he was killed in August 2011 after being stabbed and bludgeoned by one or more individuals. *See* Pet. ¶¶ II.A.1, III.14. Along with Mr.

Mendoza, two others were found guilty of second-degree murder. *See* Pet. ¶¶ II.A.10, .13.

In May 2013, Mr. Mendoza filed a direct appeal. *See* Pet. ¶ II.A.15. The state appellate court initially affirmed in November 2016 and, after a rehearing was granted, again in March 2017. *See* Pet. ¶¶ II.B.4-.5. The California Supreme Court denied his petition for review in May 2017. *See* Pet. ¶ II.B.6. The U.S. Supreme Court later denied his petition for review in January 2018. *See* Pet. ¶ II.B.7.

Mr. Mendoza then initiated state habeas proceedings in April 2018. *See* Pet. II.C.1. The state superior court denied relief in January 2019. *See* Pet. ¶ II.C.5. The California Supreme Court denied his petition for review in January 2020. *See* Pet. ¶ II.C.7.

In June 2019, while his petition was still under review by the California Supreme Court, Mr. Mendoza moved for re-sentencing with the state superior court pursuant to California Penal Code § 1170.95. This request for relief is still pending. *See* Pet. ¶ II.D.1-.2.

The re-sentencing request is the basis for Mr. Mendoza's Claim 16 in his federal habeas petition. The following is relevant background for that claim.

California Senate Bill 1437, which became effective on January 1, 2019,

> was enacted to "amend [1] the felony murder rule and [2] the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." Substantively, Senate Bill 1437 accomplishes this by amending [California Penal Code] section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability.

*People v. Martinez*, 31 Cal. App. 5th 719, 723 (2019).

Thus, because of Senate Bill 1437, the statutory scheme for murder in California is as follows:

(1) Section 187 defines murder as "the unlawful killing of a human being . . . with malice aforethought." Cal. Pen. Code § 187(a).

(2) Section 188 provides that "malice may be express or implied. *Id.* § 188(a). It further provides that, *except* as stated in § 189(e), "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to

2

1   a person based solely on his or her participation in a crime." *Id.* § 188(a)(3).

2   (3) Section 189(e) covers the felony murder rule. "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [*e.g.*, robbery] in which a death occurs is liable for murder only if one of the following is proven: (1) The person was the actual killer. (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2." Cal. Pen. Code § 189(e).

In addition to amending §§ 188 and 189, Senate Bill 1437 added California Penal Code § 1170.95. That statute "provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law [above] would affect their previously sustained convictions." *Id.* at 722-23. Section 1170.95(a) provides:

> (a)  A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:
>
> (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.
>
> (2)  The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.
>
> (3)  The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.

Cal. Pen. Code § 1170.95.

In Claim 16, Mr. Mendoza asserts that he was found guilty of second-degree murder based on the natural and probable consequences doctrine. According to Mr. Mendoza, under that doctrine, "the jury was not required to find that [he] personally harbored the intent to kill"; rather,

3

"[i]t was only required to find that he harbored the intent to assault." Pet., Claim 16, ¶ 13. Mr. Mendoza argues that, under the § 1170.95 procedure, the second-degree murder conviction must be vacated because, under the new criteria, the government must show that "he acted with malice aforethought" with respect to the killing of Mr. Garcia, and "[t]he State cannot hope to do so here." Pet., Claim 16, ¶¶ 11, 16.

Mr. Mendoza filed a § 1170.95 petition for re-sentencing in Santa Clara Superior Court. *See* Pet., Claim 16, ¶ 17. The superior court "has found that [Mr. Mendoza] stated a *prima facie* case for relief under section 1170.95 and set a hearing date to resolve the matter. The petition remains pending." Pet., Claim 16, ¶ 17. Mr. Mendoza implicitly acknowledges that his request for relief with the superior court is predicated on state law but contends that "[a]ny failure by the state court to grant relief on the petition would amount to a violation of [his] federal rights under the Fifth and Fourteenth Amendments" – *i.e.*, due process. Pet., Claim 16, ¶ 17.

## II.     DISCUSSION

A.     Government's Arguments

In its motion to dismiss, the government targets Claim 16.

First, the government contends that Claim 16 is really a state law claim, not a federal one, and therefore cannot be the basis for federal habeas relief. According to the government, Mr. Mendoza cannot turn "a state law claim into a federal one merely by citing, in passing, broad constitutional principles." Mot. at 2; *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("Langford may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus."); *cf.* 28 U.S.C. § 2254(a) ("The Supreme Court, . . . a circuit court, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Second, the government asserts that, even if Claim 16 raises a federal constitutional claim, dismissal of the claim is still warranted based on *Younger v. Harris*, 401 U.S. 37 (1971) – *i.e.*,

because of the pending state court re-sentencing proceedings.  *See generally ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (stating that *Younger* "abstention [is] appropriate when (1) there is 'an ongoing state judicial proceeding,' (2) those 'proceedings implicate important state interests,' and (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'"; also, "[t]he requested relief must seek to enjoin – or have the practical effect of enjoining – ongoing state proceedings").

Finally, the government argues that, at best, Claim 16 has not been properly exhausted in state court.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State."). The government maintains: "When a petition contains both exhausted an unexhausted claims, it is considered a 'mixed petition,' and must be dismissed for failure to exhaust," or Mr. Mendoza "can elect to delete the unexhausted claim from his petition and proceed only on the exhausted claims." Mot. at 5.

B.     Exhaustion

As noted above, Mr. Mendoza implicitly acknowledges that, *at present*, his request for relief with the superior court is predicated on state law only.  However, he asserts that, *should* the superior court deny him relief, then he could have a due process claim.  *See* Pet., Claim 16, ¶ 17 (alleging that "[a]ny failure by the state court to grant relief on the petition would amount to a violation of [his] federal rights under the Fifth and Fourteenth Amendments" – *i.e.*, due process"). The state court has not ruled on whether he should be granted relief under §1170.95  and whether the failure to grant such relief would violate his federal constitutional rights. Those claims would have to be exhausted in the state appellate process before it could be presented to this Court. Thus, the question for this Court is how to proceed given that, at present, Mr. Mendoza presents a mixed petition.

In his opposition, Mr. Mendoza proposes that, under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), he delete Claim 16 from his petition; that he litigate his exhausted claims; and that, if this Court were to find habeas relief unwarranted based on the exhausted claims, then the Court

5

could "stay proceedings at that time, rather than issue a final order, to allow [him] to finish exhausting Claim 16." Opp'n at 4. Mr. Mendoza recognizes that *Kelly* "anticipates staying the proceedings *prior* to resolving the exhausted claims" but argues that "nothing in those cases . . . suggesting staying after resolution of the exhausted claims would be improper." Opp'n at 4-5 (emphasis added).

The Court declines to adopt Mr. Mendoza's proposal inasmuch as he suggests that the Court should litigate his exhausted claims now instead of staying them pending exhaustion of Claim 16 in state court. Mr. Mendoza has not cited any authority to support his specific suggestion, simply referring instead to a court's general discretion "to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Moreover, as the government points out, Mr. Mendoza's approach promotes piecemeal litigation.

That, however, is not the end of the matter as Mr. Mendoza has made clear that, if the Court were to reject the above proposal, he still seeks a stay of these proceedings so that he can exhaust Claim 16 in state court. The government argues that a stay (whether under *Kelly* or under the *Rhines v. Weber*, 544 U.S. 269 (2005), standard instead) is inappropriate because Claim 16 is a state law claim and therefore not cognizable on federal habeas. *See* Reply at 4 (arguing futility). But simply because Claim 16 at present is a state law claim does not mean that Mr. Mendoza could not have a federal due process claim if the state court were to deny him relief at resentencing. Because the government has not articulated any other basis to oppose a stay, the Court grants Mr. Mendoza's request for a stay. Specifically, the Court finds that a stay under *Rhines* is appropriate.

Under *Rhines*, a court should stay a mixed petition (instead of dismissing it) if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted claim is potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See id.*; *see also Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Here, the government does not dispute that Mr. Mendoza has good cause for his failure to exhaust, *see id.* at 982 (noting that "good cause turns on whether the petition can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure"); nor does the government contend that

6

Mr. Mendoza engaged in intentionally dilatory litigation tactics. Instead, the government's only argument is that a *Rhines* stay is inappropriate because his § 1170.95 "resentencing claim is not cognizable on federal habeas." Reply at 4; *see also Salazar v. Spearman*, No. 2:19-CV-08996-JAK(SHK), 2020 U.S. Dist. LEXIS 78950, at *5 (C.D. Cal. Feb. 19, 2020) (finding a *Rhines* stay inappropriate because "whether Petitioner is entitled to relief under . . . § 1170.95 is solely a matter of state law" and thus is "not cognizable on federal habeas review"; adding that "Petitioner['s] attempt to 'federalize' the claim by stating in the Petition that his rights to due process and a fair trial were violated is unavailing"); *Esparza v. Lizarraga*, No. 2:17-cv-03168-AB-MAA, 2019 U.S. Dist. LEXIS 188452, at *7-8 (C.D. Cal. Aug. 7, 2019) (concluding a *Rhines* stay was inappropriate because claim based on § 1170.95 was plainly meritless and citing several Central District cases in support; "Petitioner does not invoke any federal basis for this resentencing claim and does not show that any fundamental unfairness has taken place or would take place if his resentencing claim were denied by the California state courts").

At this juncture in the proceedings, the Court cannot say that Mr. Mendoza's due process claim would be "'plainly meritless.'" *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (stating that, "[i]n determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing'"; adding that "'[a] contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance'"). Although resentencing under § 1170.95 is a state remedy, it could potentially give rise to a due process claim if relief were warranted under the statute but denied. *See People v. Torres*, 46 Cal. App. 5th 1168, 1180 (2020) (in discussing defendant's resentencing request pursuant to § 1170.95, stating that "[t]here is . . . a possibility that Torres was punished for conduct that is not prohibited by section 190.2 as currently understood, *in violation of Torres's constitutional right to due process*" – because federal due process forbids a state from convicting a person of a crime without proving the elements of the crime beyond a reasonable doubt) (emphasis added); *see also Lyons v. Pliler*, No. C 98-1890 CRB (PR), 1999 U.S. Dist. LEXIS 3970, at *15 (N.D. Cal. Mar. 29, 1999) (stating that a habeas claim based on an alleged violation of a state statute must be rejected unless

the violation "constitutes an arbitrary deprivation of a state-created liberty interest").

### III. CONCLUSION

For the foregoing reasons, the Court denies the motion to dismiss but stays proceedings in the case under *Rhines* so that Mr. Mendoza may exhaust Claim 16.

This order disposes of Docket No. 10.

**IT IS SO ORDERED**.

Dated: November 25, 2020

_____
EDWARD M. CHEN
United States District Judge